Please call the next case for argument. 19-3323 and 19-3589 from the District of South Dakota Meierhenry Sargent v. Bradley Williams, et al. All right Mr. Teresek we'll hear from you first. Thank you your honor and good afternoon your appellants Brad and Kerry Williams. The issues before you today are two. The district court wrongfully repeatedly interferes in the arbitration proceeding. We're asking you to order that interference to stop. And number two, the district court's refusal to recognize the filing of the client's counterclaims with the district court which effectively dismisses those claims. As this court has previously acknowledged, indeed in the 2019 appeal stemming out of this case, after ordering arbitration a court has exhausted its function and it may not intervene until a party moves to confirm or vacate an award. That's also in the holding of the United Steelworkers Supreme Court case in 1960. Here today we're asking this court to reverse the district court's that number one, enjoin arbitration, redefined the scope of arbitration, and prevented the clients from recovering damages in any form. We also ask this court to direct the district court to stop interfering with the arbitration. Your honors, these fundamental things are true. Rules must be followed and words mean what they say. I think we can all agree on that. And the clear language of the district court's November 2017 order should be honored and we should be allowed to proceed to seek damages on our breach of contract claims through the arbitration. Why can't the district court simply modify what it did before? I mean, the footnote in our opinion just says, hey, this isn't before us. We just know that this limitation is not in the district court's order. But my understanding is that on an interlocutory appeal, the district court can weigh in and modify its order up through final judgment. Well, your honor, that might be true, except that the firm failed to appeal the November 2017 order. I believe your honor may have pointed that out. And as it stands now, it's the law of the case. It was not a clarification. It was a new order. I think you said we expressed no opinion on the is that even if it's not appeal, my understanding is when it's interlocutory like that, the district court can fix it later if he or she wants. Well, your honor, I guess the question there would be, was it a fix or was it a complete rewriting of the order? And we would say that the court was wrong to interfere in the arbitration that was proceeding. It did not have any authority to stay the arbitration that was proceeding. The court's November 2017 order was clear. It said you may proceed. Well, it just said we could proceed with count four. And to the extent that, well, let me just point one thing out. I mean, the district court knows how to limit a claim to an offset. It did that with our negligence claim and our fiduciary duty claim. It did not say that as to count four as to our breach of everyone, including the firm, was operating following the plain language of that order, of that November 2017 order, when we returned to arbitration, that we could indeed seek damages, that we weren't just limited to an offset. And significantly, your honor, the firm filed a brief in the arbitration proceeding where, if I may just read that, this is at appendix 276, the district court, and this is the firm writing this now, the district court held that the defendants were not entitled to recover damages against plaintiff with the exception of defendants count four. They understood it. We understood it. And the law of the case now says that they are prevented from relitigating a settled issue. That's the Barsh case, Eighth Circuit opinion, 1995, because the firm failed to appeal that. How could they have appealed? How would we have even had jurisdiction over? Well, your honor, just like we appealed the district court's November 2017 order, you were playing an injunction. What you said was an injunction and the court ended up characterizing it as an injunction. But the other way around, they would have had to appeal the refusal to enjoin. And that's specifically excluded from appellate jurisdiction under the federal statute, 9 U.S.C. 16. I guess I'll just say that, you know, I think we have two different arguments here. One is that they have not challenged it and it's too late to challenge it. And the other is that the order itself was clear and that the district court had no basis to reopen this issue once it was referred back to arbitration. Well, could you elaborate on that? I understand your basic point that courts should not engage while arbitration is ongoing. And the concern here is that that first appeal and the first order came after, as I understand it, after the arbitration was ongoing. But that's over and done with. So maybe the case, I mean, the argument you're making would have applied to that appeal and that order, too, it seems to me. And so once we've started down that road, why shouldn't we let the district court clarify what it did the first time? Could you address that? Sure. I think, you know, we're in a different posture now because we hadn't filed the counterclaims. In other words, the district court hadn't had a rule on what counterclaims were subject to arbitration until it issued the November 2017. Because of the unique posture of this case, those counterclaims were not initially filed with the district court. As this court may remember, we initially sought a stay and sought arbitration. Normally, the way these would come up is the claims would have been filed in court and somebody would have been seeking an order to compel arbitration of the counterclaims. But this one got off track a little bit and the judge was entering a ruling about arbitrability without any claims in the court. But my question still stands. If he did that the first time and we accepted jurisdiction and reviewed it, why should we change the approach now? Well, I think we are on a slippery slope. The Federal Arbitration Act and the public policy behind that says that arbitration exists to provide a speedy alternative, okay, without interference from the district court. This court's precedent says, and I recognize we have one order, maybe the exception, but once this matter had been referred to arbitration, the court should not touch it again until a party moves to confirm or vacate the award. Otherwise, you have the district court basically serving as a second umpire, right, questioning the balls and strikes that are called by the arbitrator. And that's really what's going on here. I mean, as the record shows, your honors, the firm has made these arguments to the arbitration panel and when it's dissatisfied with the answer, then it goes running to the district court and says, give us another answer that we prefer. So let's just take a step back for a second and remember how we got here. The clients filed the counterclaims in the arbitration, right? They district court. So significantly, let me point this out, with that motion, the firm filed our counterclaims, our answer and counterclaim with the district court along with that motion in May of 2017. That's significant. As this court knows, the district court said some of the claims were for the court to decide, some were for arbitration. We appealed, this court mostly affirmed, and then we went back to arbitration with the understanding that the November 2017 order was the law of the case. We are proceeding under that assumption. The firm understood that we are seeking damages, not just an offset on count four. They conducted discovery on it and it wasn't until we released our expert report that indicated we were seeking perhaps more damages than they suspected, that they said, whoa, whoa, whoa, let's stop here. But the amount of the damages we were seeking shouldn't have anything to do with whether it's arbitrable or not. And let me just point out too that the district court held that the clients, oh, I'm sorry, this is the firm's pleading, and I've read that already, your honors. I notice I have minutes left. May I reserve the balance of my time? If there are no questions, you may. We'll thank you for your argument and we'll hear from Mr. Evans. Thank you. Mr. Evans, you'll need to turn on your microphone before you proceed. Sorry about that. May it please the court, counsel, on the first appeal of this court, this court affirmed the arbitration clause was narrow, limited to the sole issue of determining a reasonable and fair fee for attorney services. Court defined the only arbitrable term as, quote, recovery of a termination fee, end quote marks. The court added, quote, a disagreement about the termination fee means a dispute about what the fee, if any, comma, the firm is entitled to receive. The court did have a footnote that said the exception is the breach of contract claim, which still seeks damages, even though the district court excised portions of it, because they combined a defamation claim and hit it in a breach of contract count. Defendants now argue that footnote alters this court's primary holding that said any counterclaims had to be set off, they had to seek to limit or reduce the amount of money Williams owed the firm, that they seek something else like money from the firm they don't. So let's look at footnote four, let's look at count four, breach of contract. If you read it in its original form, it says we breached the attorney's fees contract. Okay? So it relates to the termination fee. It relates to the attorney's fee contract. They're saying we breached it. They're saying we deviated from the fee dispute process and filed a lawsuit. So they seek attorney's fees and court costs incurred for getting a court order referring the matter to arbitration. That's what they wanted. Fees requested by us should be reduced because they had to hire a lawyer and get it referred to arbitration. Now it's true the district court didn't specifically include a limitation on damages in that one sentence, but opposing counsel says, well, the district court meant what it said and it should follow its ruling. Well, what did the district court say? It held that, quote, arbitrators determining damages against the law firm was not reasonably contemplated by the parties when they entered into the attorney fee contract arbitration clause. District court also said, quote, the parties would have not contemplated a separate award of damages against the law firm except as an offset against the claimed attorney's fees. That was the holding of the court that applied to all the counter claims. The court set that out as its general holding. You cannot- So your argument then is really that it's a clarification. I mean, that's what the district court meant and any error, any omission was just a clarification of the broader point it was making elsewhere. I agree. And the judge said so in his second opinion on the issue where he said that, yeah, that one sentence didn't include that limitation, but the overall opinion included that limitation. And that's what he said when he clarified the order. And that's what he meant. And that's the way we interpreted it all the way through. We never thought we had to appeal when we had that broad language in there by the judge. It didn't become the law of the case. No I suggest to you, you cannot reasonably interpret the district court's opinion to mean there can be an affirmative award of damages. If you read it, you cannot reach that conclusion. Now, I will say that in the original briefs and there was some argument about that breach of contract claim and how broad the damages were. So even though there was no cross appeal, it was something that was brought up in the briefs. It wasn't extensively briefed, but it was mentioned and it was talked about in the briefs. Does that make any difference in the analysis in terms of, in terms of how you view that footnote? I don't believe so. I think it was just talking about the background of the case. I mean, judge Pearsall never used the word exception and said that there was an exception when there can be an affirmative award. And I understand your honor did that in the footnote. And I think it was an appropriate footnote at the time that that really issue isn't before the court. And that's the way I interpreted it, but I never for a minute thought that somebody could read judge Pearsall's opinion, or your opinion for that matter, and come to the conclusion that they could seek millions of dollars for a breach of contract under count four that sought an offset for some nominal attorney's fees for getting the matter referred to arbitration. That's what it was. And when did it become something more than that? The district court, after this was remanded and it went back, they first of all, of course, moved for punitive damages to the arbitration panel, arguing that was consistent with this court's opinion, with the eighth circuit court's opinion, wanted punitive damages. And then after that, when the panel said no, and they quoted your opinion directly, and said it couldn't be affirmative relief, quoting your words, they then went back and asked them to reconsider and their two partisan members of the panel changed their mind and said, yeah, you can seek anything you want under count four, you can get affirmative relief. Three days later, they have an expert that discloses their report that says that, yeah, we breached count four, and what do they want for that breach of count four? They want lost profits of over $2.5 million. Now, how can that relate to recovery of termination fee? It can't. We understand this court. We understand this court. I'm sorry, your honor. Question for you. Assuming you're correct about that, why isn't that something that you should just take up if the arbitrators actually make such an award after the fact on the grounds that they acted beyond their jurisdiction? Why should there be intervention by the courts in the midst of the arbitration proceeding? Could you address that? Sure. Two reasons. Number one, it's to protect our record, because they've raised at least 12 times the issue of waiver against us on every issue, including in this appeal. They love the word waiver. And the first time we came before this court, one of their arguments was we had waived this issue because we had let the arbitration panel decide the scope of arbitration, and therefore, we had waived it. And so one reason is that. We are not waiving this issue, and that's one of the reasons that we went back to court to clarify the scope of arbitration, too, to clarify the scope of arbitration. But also in this court's original opinion, the panel, you will remember, said that in this court, the arbitration clause was inextricably intertwined with relief, with the remedy. You said most in broad arbitration clauses, they aren't. They don't even address remedy. So that's up to the arbitrators. But this, it intertwines arbitration because it says the only thing we're going to arbitrate is the relief, the remedy, the recovery of a termination fee. And in that case, it dictates the scope of arbitration. And so because of that, when they seek affirmative relief, we believe that it exceeds the scope of arbitration set out by the district court and affirmed by this court. But we understand. You could say, listen, we aren't going to get the proper measure of damages under count four. That's a subject of legal issue. That's far beyond where we're going. And I understand that. That's not what we're trying to do. We're simply trying to enforce the holdings of the district court in this court, saying that the relief that you could obtain as determined by the scope of the arbitration clause is limited to an offset and cannot include an affirmative warrant of damages under any theory. And the other thing I'd like to point out that I thought was somewhat egregious is that after this court's mandate, they moved count five. Count five was an anticipatory breach. It's the one that wanted loss of profits. Count four never mentioned that. Count five did. After this court's mandate that said you cannot arbitrate count five, it includes an affirmative award of damages, but you can, there's this exception for count four. What did they do? They moved their whole claim from count five to count four. The claim lost profits under count four when that was never mentioned before in count four. Now, again, I understand this court isn't going to get into whether they should be able to amend that. That's not what we're asking or whatever. Again, the only thing we're asking is, as this court has said, the fee agreement ties arbitration to a particular remedy available to the firm, recovery of the termination fee. So you look at the remedy and if it seeks affirmative relief from the firm and it's not a set off or it doesn't relate to the amount of an appropriate attorney's fees, then it should not be arbitrated. And that's our position on that. I think that's the really only issue here. I don't want to be accused of waiving any issues. So the other issues, the oral statements of the judge are not appealable. If you read them, he mentioned in passing that he thought the arbitrator should be neutral, but there was no threats made and the comments are very misleading that they make. You read the court's transcript, you'll figure that out. The motion to reconsider their argument, for some reason they won't file their answer and counterclaim in federal court, only in arbitration. They refuse to file it. We've invited them to file it. We've said, go ahead and file it. And they refuse. In that regard, counsel, is there anything the district court has ever said to prevent them from filing? I'm sorry, I didn't hear you. Is there anything that the district court did that would prevent them from filing the counterclaims? No, absolutely none. They could have filed a motion to amend at any time. We would not have opposed it and the judge said he would grant it. The only reason that I can figure out that they don't file that motion for leave to file the counterclaims is rule 11 comes to mind. Why they refuse to file them in federal court, I don't know, but that's their choice and nobody has prevented them from doing it. And finally, the staying of the arbitration hearing, we claim that's moot and would rely on our brief and I would reserve the rest of my time for reply. We can't allow that. I understand, but if there's no more questions, then I'm finished. Well, let me ask you this. I take your point that our opinion says that the scope of the arbitration here is tied to the remedy, but suppose the arbitrators went and allowed damages beyond an offset, wouldn't you be able to come back to court and argue that the award exceeds the powers of the arbitrator and wouldn't that be a sufficient remedy in this case? Well, I don't know. I will tell you what they represented to Judge Pearsall when he asked that question. Why are you going to have them decide these claims for affirmative relief? And they told him, set it on the record. It's in the hearing last October on our motion to clarify. They said they intended to get the $2 million claim and then come to him and tell him that it had already been decided it was res judicata against him. This was a factual finding and although the arbitrators couldn't enter the affirmative award, they would ask him to do it because of the fact that it was res judicata. They'd had a finding on it and now it was up to him to enforce the counterclaim. The counterclaim, we've been found liable on it. The amount of damages had been found and it was up to him just to enter judgment on it. That's what they told the judge when he asked him that question. Well, they can ask him to do it, but I don't know whether he would. I appreciate it. I appreciate it. But if you're in my shoes and you hear that, you think gee whiz, is there some way that they could do that? I don't view this any different, Judge, than the first time around. The first time around, Judge Pearsall and this court thought they had jurisdiction and it was appropriate to set forth the scope. And what's wrong with letting him clarify saying this is what I meant? I don't see the problem with that. We aren't doing anything different or you aren't doing anything different than we did the first time around. Only now it's been clarified. Okay. Thank you for your argument, Mr. Evans. You're welcome. Mr. Teresek, we'll hear from you in rebuttal. Thank you, Your Honor. And what about that? Why don't you start there? Why is this any different than the first time around? You brought the first appeal and said we had jurisdiction. Well, again... So I think the characterization of this is a clarification we dispute. We think it's a rewriting of the order. We do not think the judge had authority to dip back into the to decide this. And as to the issue of the filing, so opposing counsel was questioning why we haven't filed this. Well, as I indicated previously, the firm filed it, right, with their motion. And we filed it when we sought the stay with our motion seeking the stay. And this is a local rule says filing occurs when a document is sent to the court's electronic filing system. And Black's Law Dictionary defines the pleading as a document with allegations seeking judgment from the court. It's been filed multiple times with the district court. The counterclaim is an answer, that is. It's been done. The firm has been served. But wasn't it filed as an attachment and it said, I don't remember the exact heading, but it said filed in the arbitration, right, or something of that nature, didn't it? I mean, it was not an independent document, let's put it that way. No, Your Honor, but that is not dispositive. The fact is it was filed. And the caption, what it's called, that doesn't control as to whether it was a pleading that was filed. So you can file it as page 1000 in a voluminous filing and label it as being filed somewhere else and that's a filing in that court? Well, Your Honor, that's not what happened. I would analogize this to a party when they're seeking leave to amend a complaint. They bring their motion, they include their attorney's affidavit, and they attach it as an exhibit to the attorney's affidavit saying, if leave is granted, this is the complaint that will be entered. Again, this is the unusual procedural posture of the case. We never answered initially because we brought a Rule 12b motion and we sought arbitration. So we didn't want to violate the stay by just filing it without permission. So while the first appeal was pending with this court, we sought the district court's permission. We said, we are asking this court's permission to file this answer and these counterclaims that we're attaching and filing for the court's I should say submitted a reply in the arbitration. There's no mystery about this. This court has acknowledged that we would be allowed to proceed with the non-arbitrable counterclaims once the arbitration was finished. Everyone's been under that understanding and this technicality that the district court is trying to sink our claims with doesn't exist. They're raising too high of a bar. They have been filed. The local rule says filing it through the electronic system is filing. Is that a final order though? I mean, I know you're talking about finality, but is that a final order? And the reason why I say that is wouldn't it become final if you attempted to file it now and the district court said, no, it's too late. And then you could come back and say, well, actually we filed it, you know, a year and a half ago or a year ago as an attachment. And then it would be squarely presented for our review. Well, your honor, we think it has, it is final now because they said they're not going to accept it. They're not going to accept it as a filing. They have disregarded it. And this is the worst part. They have left us now without a forum for these claims. The district court said we can't I guess citing this technicality, they're saying, oh, too late. Gotcha. You may not even proceed in our court now. So your honor, I would argue that it has been, it is an order with finality because we no longer have a forum to prosecute these claims. Isn't there another claim pending in the case? Well, we have one still pending. Well, yes. In fact, in footnote one, in this court's opinion, you said, yep, you can arbitrate some and return to court to proceed with others. We would love to do that. How could there be a final order though on this order regarding the counterclaims? If the case is still pending, I mean, you can't appeal individual orders in the midst of a case. We are interpreting the district court's November 19th, I'm sorry, November 2019 order as refusing our attempt to file the answer. I understand that, but I'm saying there are cases all the time where a judge dismisses certain claims and other claims continue and the party who disagrees with the dismissal or the refusal to file or whatever you want to call it cannot appeal if there are other claims still pending because there's no final decision in the case. So I'm just asking, isn't that the situation here? Well, it may be that following arbitration, we will attempt that. All right. I mean, they're not pending in the district court according to the district court. So the only claims that are pending, your honor, are the claims in arbitration. But that count one of the original complaint, is that still pending in the district court? Oh, you're talking about the firm's claim? Yes, your honor. Those are correct. I apologize, your honor. I've been on this case for a few weeks. It's a mess. My colleague, Ted Hsu was elevated to the bench in Ramsey County. I apologize. I didn't pick up on your line of questioning right away. Okay. Well, thank you for the response. And if there are no more questions from the court, I believe we've come to the end of your time. The case is submitted. Thank you to both counsel for your arguments.